**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THE LYON CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

vs.                                Case No. 3:16-cv-128-J-34JBT

CHARLES DEMICHER, as trustee of the
Sovereign Revocable Trust, et al.,

      Defendants.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff Lyon Condominium Association, Inc. (Lyon) initiated this action in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida on June 2, 2015.

See Complaint to Foreclose Lien and Money Damages (Doc. 2; Complaint); see also Notice of Removal to United States District Court (Doc. 1; Notice), Ex. 2.  In the Complaint, Lyon alleges state law causes of action for lien foreclosure, monetary judgment, and breach of contract, premised on unpaid assessments against a condominium unit owned by Defendants.  See generally Complaint.  On February 5, 2016, Defendant Charles Demicher, as Trustee of the Sovereign Revocable Trust (the Trustee), filed a notice of removal notifying the Court of his intent to remove this action to the United States District Court for the Middle District of Florida.  See generally Notice.  Upon removal of the case to this Court, the Trustee filed a Counterclaim with Memorandum in Support (Doc. 11; Counterclaim) in which he purports to allege violations of the "Uniform Commercial Code, Title 28, United States Code § 2072 including violation of Rule 11(b) of the Federal Rules of Civil Procedure, Real Estate Settlement Procedures Act RESPA 12 U.S.C. [§] 2601 et seq., Fair Debt Collections Practices Act, FDCPA, 15 U.S.C. §§ 1692 1692p., False Claims Act and more."  See Counterclaim at 1-2.

   Upon review, the Court is unable to determine any basis for subject matter jurisdiction over this action.  Significantly, in the Notice, the Trustee fails to address whether the Court has jurisdiction over this case.  To the extent the Trustee attempts to establish federal jurisdiction by filing his Counterclaim citing federal statutes, this attempt is unavailing.  The Trustee's defenses and counterclaims to the state law action cannot form the basis of federal question jurisdiction.  See Bank of N.Y. v. Angley, 559 F. App'x 956, 957-58 (11th Cir. 2014) ("There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim.").  Moreover, the Trustee makes no attempt to allege the citizenship of the

parties, and therefore, has failed to establish diversity jurisdiction as well.[1]  Accordingly, in the absence of any apparent basis for the Court's subject matter jurisdiction over this case, the Court will direct the Trustee to show cause why the Court should not remand this action to state court.  In light of the foregoing, it is

**ORDERED**:

Defendant Charles Demicher, as trustee of the Sovereign Revocable Trust, shall **SHOW CAUSE** by written response on or before **February 24, 2016**, why this Court should not enter an order remanding this case to the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida.

**DONE AND ORDERED** in Jacksonville, Florida on February 10, 2016.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1]  The Court notes that even if the Trustee had adequately alleged diversity jurisdiction, removal on this basis would be procedurally improper because it appears one of the Defendants, Mary M. Sondgerath, P.A., is a citizen of Florida.  See Complaint ¶ 3.  Pursuant to 28 U.S.C. § 1441(b), a defendant may only remove a case to federal court based upon diversity jurisdiction if no properly named defendant is "a citizen of the state in which such action is brought."  Caterpillar v. Lewis, 519 U.S. 61, 68-69 (1996) (quoting 28 U.S.C. § 1441(b)); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "diversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed.").  Thus, remand may be warranted when a case is removed on diversity of citizenship grounds and there is a properly joined defendant who is a citizen of the state in which the action was filed.  See Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)).  In addition, the Trustee failed to comply with the unanimity requirement.  See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal.").  These procedural defects would warrant remand unless waived by Lyon.  See Pacheco de Perez, 139 F.3d at 1372 n.4; Smith v. Health Ctr. of Lake City, Inc., 252 F. Supp. 2d 1336, 1339, n.6 (M.D. Fla. 2003) (collecting cases).

3